UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

DERRICK HILL, also known
as Derrick Troy Hill,

                Plaintiff,

     v.                                      9:20-CV-0441
                                                  (DNH/ATB)

D. LaCLAIR, Superintendent,
V. BARBER, DSP, F. QUIMBY,
D.S.S., R. TRAYNOR, S.O.R.C.,
M. OJIDA, N.A., and FRANKLIN
CORRECTIONAL FACILITY,

                Defendants.
───────────────────────────────────────────

APPEARANCES:

DERRICK HILL
Plaintiff, Pro Se
18-A-0259
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Pro se plaintiff Derrick Hill ("Hill" or "plaintiff") commenced this action in April 2020, by filing a civil rights complaint together with (1) an application for leave to proceed in forma pauperis and (2) a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").

     By Decision and Order filed on May 11, 2020, this Court granted Hill's IFP Application,

but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's complaint was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 6 ("May 2020 Order").

In light of Hill's pro se status, the May 2020 Order afforded him an opportunity to submit an amended complaint with respect to his claims that were dismissed without prejudice.  Dkt. No. 6 at 20-23.  Plaintiff was specifically advised that his failure to comply with the May 2020 Order within thirty days of the filing date thereof would result in dismissal of this action.  *Id*.

Prior to the expiration of the 30-day deadline, Hill submitted a one-page "Affidavit[,]" which includes the following statement:  "The denial of reasonable accommodation, inadequate medical care for COVID-19 violate[s] health risks of the Eighth Amendment even if I have not been harmed yet."  Dkt. No. 8.

The "Affidavit" further states that the Superintendent of Franklin Correctional Facility, where plaintiff is incarcerated, has exhibited "deliberate indifference" to plaintiff's medical needs through "gross negligence" in managing "staff[,]" which "[a]ffirmatively links to the constitutional violation caused by his subordinates."  Dkt. No. 8.

Although the Court does not construe the aforementioned "Affidavit" as an amended complaint, the document suggests Hill may desire to amend his complaint, at least to assert an Eighth Amendment claim against the Superintendent of Franklin Correctional Facility related to plaintiff's apparent concerns regarding potential exposure to COVID-19.

Accordingly, and out of an abundance of solicitude in light of Hill's pro se status, the

Court will grant plaintiff a final opportunity to comply with the May 2020 Order.[1]  For the sake of clarity, plaintiff is advised that no further extensions of his deadline to amend will be granted in the absence of a showing of good cause.  In the event plaintiff fails to comply with this Decision and Order, this action will be dismissed without prejudice without further Order of the Court.

Therefore, it is

ORDERED that

1. If plaintiff desires to proceed with this action he must, **within thirty (30) days** of the filing date of this Decision and Order, submit an amended complaint in accordance with the May 2020 Order;

2. In the event plaintiff fails to timely comply with this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case;

3. In the event plaintiff complies with this Decision and Order, the file shall be returned to the Court for further review; and

4. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated:  July 30, 2020
           Utica, New York.

United States District Judge

---

[1]  Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).