UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK HILL, also known as
Derrick Troy Hill,

Plaintiff,

v.

9:20-CV-0441
(DNH/ATB)

D. LaCLAIR, Superintendent,
V. BARBER, DSP, F. QUIMBY,
D.S.S., R. TRAYNOR, S.O.R.C.,
M. OJIDA, N.A., and FRANKLIN
CORRECTIONAL FACILITY,

Defendants.

---

APPEARANCES:

DERRICK HILL
Plaintiff, Pro Se
18-A-0259
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Pro se plaintiff Derrick Hill ("Hill" or "plaintiff") commenced this action in April 2020 by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans With Disabilities Act, 42 U.S.C .§ 12101, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*. ("Rehabilitation Act"), together with an application for leave to proceed in forma pauperis and a motion for

preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").

By Decision and Order entered on May 11, 2020, Hill's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 6 ("May 2020 Order").

In light of Hill's pro se status, he was afforded an opportunity to submit an amended complaint with respect to his claims that were dismissed without prejudice. May 2020 Order at 20-23. Plaintiff was specifically advised that his failure to comply with the May 2020 Order within thirty days of the filing date thereof would result in dismissal of this action. *Id*.

Prior to the expiration of the 30-day deadline, Hill submitted a one-page "Affidavit[,]" which contained the following statement: "The denial of reasonable accommodation, inadequate medical care for COVID-19 violate[s] health risks of the Eighth Amendment even if I have not been harmed yet." Dkt. No. 8.

By Decision and Order entered on July 30, 2020, the Court declined to construe Hill's one-page "Affidavit" as an amended complaint, but extended his deadline to file an amended complaint by thirty (30) days in light of the filing. Dkt. No. 9. Thereafter, plaintiff filed an amended complaint. Dkt. No. 10 ("Am. Compl.").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. The Complaint and May 2020 Order

In his original complaint, Hill named Franklin Correctional Facility ("Franklin C.F.") and the following individuals as defendants based on alleged wrongdoing that occurred while he

was incarcerated at that facility: (1) Franklin C.F. Superintendent D. LaClair; (2) Deputy Superintendent of Programs V. Barber; (3) Deputy Superintendent of Security F. Quimby; (4) S.O.R.C. Traynor; and (5) Nurse Administrator M. Ojida. Compl. at 1-2.

Among other things, Hill's first complaint alleged that these defendants violated his constitutional rights because "inmates with COVID-19 symptoms" are incarcerated at Franklin C.F., and plaintiff's requests for a "mental health transfer to get closer to [his] family" and a "COVID-19 'Prison Release Order'" were denied. Compl. at 3.

The Court liberally construed this pleading to assert the following claims against the defendants in their individual and official capacities, based largely on the exhibits attached to the complaint: (1) Eighth Amendment medical indifference claims against defendants LaClair, Barber, Ojida, and Franklin C.F.; (2) ADA and Rehabilitation Act claims against defendants LaClair, Barber, Ojida, and Franklin C.F.; (3) Eighth Amendment conditions-of-confinement claims against defendants LaClair, Barber, Ojida, and Franklin C.F.; and (4) Fourteenth Amendment due process claims against defendants Traynor, Quimby, and Franklin C.F. *See* May 2020 Order at 7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Hill's Section 1983 claims against Franklin C.F. and the named defendants in their official capacities were dismissed with prejudice as barred by the Eleventh Amendment, and his remaining claims against the named defendants were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* May 2020 Order at 22-23.[1]

[1] Based on the preliminary dismissal of plaintiff's complaint without prejudice, the Court denied the Preliminary Injunction Motion as moot. *See* May 2020 Order at 21-22.

**B. <u>Review of the Amended Complaint</u>**

Because Hill is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2020 Order and it will not be restated in this Decision and Order. *See* May 2020 Order at 2-4.

Hill's amended complaint, which is sparse in detail, re-names each of the same individuals, as well as Franklin C.F., as defendants. Am. Compl. at 1-2. The following facts are set forth as alleged in the amended complaint.

Hill was denied his release from prison by one or more unidentified officials. Am. Compl. at 5. As a result of the denial, plaintiff has been "treated differently than federal inmates who were released for Covid-19 related reasons, and there is no basis for different treatment." Am. Compl. at 2. Moreover, defendant Ojida "is not a medical doctor or an expert on pandemics or public health emergencies and [is] therefore not qualified to render her opinions[.]" *Id*. at 3, 5.

Liberally construed, the amended complaint asserts an Eighth Amendment medical indifference claim and a Fourteenth Amendment equal protection claim against the defendants. It appears that the only relief plaintiff seeks is his release from prison. *See generally*, Am. Compl. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C. Analysis**

As an initial matter, as noted in the May 2020 Order, insofar as Hill seeks a release from prison for any reason, such relief must be sought through a habeas corpus proceeding. *See* May 2020 Order at 7 n.3. Although the amended complaint does not appear to seek any other form of relief, in light of plaintiff's pro se status, and because the original complaint sought monetary relief as well as injunctive relief in the form of a transfer to another facility, the Court will evaluate the sufficiency of the pleading.

**1. Franklin C.F.**

As noted, the Court previously dismissed Hill's Section 1983 claims against Franklin C.F. with prejudice. *See* May 2020 Order at 8-10. Accordingly, and for the reasons set forth in the May 2020 Order, plaintiff's Section 1983 claims against Franklin C.F. are once again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.

**2. Personal Involvement**

As noted in the May 2020 Order, "[i]t is well settled that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" May 2020 Order at 8 (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991))).

In this case, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that any of the named defendants were personally involved in any wrongdoing. Indeed, the only wrongdoing alleged in the amended complaint is the decision to deny plaintiff's request for early release, and it is entirely unclear from the pleading which

of the named defendants, if any, were involved in this decision. For this reason alone, plaintiff's Section 1983 claims against the named defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

This determination, however, does not end the Court's inquiry because Hill has already been afforded an opportunity to amend his complaint. In such a scenario, the Court need not afford plaintiff an additional opportunity to amend if it appears that further amendment would prove unproductive or futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." (citations omitted)), *accord, Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted). Thus, the Court will consider whether the allegations in the amended complaint are sufficient to plausibly suggest that plaintiff may have suffered a violation of his constitutional rights, setting aside plaintiff's failure to adequately allege wrongdoing by any of the named defendants.

**3. Medical Indifference Claim**

The legal standard governing an Eighth Amendment medical indifference claim was discussed at length in the May 2020 Order, and will not be restated herein. *See* May 2020 Order at 11-13. As with the original complaint, the amended complaint lacks any allegations which plausibly suggest that plaintiff was ever denied treatment for a medical condition. Moreover, insofar as the amended complaint may be construed to assert an

Eighth Amendment claim based on an apparent denial of plaintiff's request for early release for "Covid-19 related reasons[,]" the amended complaint lacks any allegations regarding why plaintiff's request for early release was denied, and the Court otherwise has no basis to conclude that plaintiff was entitled to, and wrongly denied, early release.

Thus, setting aside plaintiff's failure to adequately allege that any of the named defendants were personally involved in any wrongdoing, plaintiff has also failed to allege facts which plausibly suggest that his request for a release from prison was denied out of deliberate indifference to his health and well-being. Accordingly, and for the reasons set forth in the May 2020 Order, plaintiff's medical indifference claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**4. Equal Protection Claim**

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).

To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v.*

*Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

Hill alleges that he was arbitrarily treated differently than other unidentified inmates who were released from prison for "Covid-19 related reasons[.]" Am. Compl. at 2. As an initial matter, the amended complaint lacks any allegations which plausibly suggest that plaintiff is a member of a suspect or quasi-suspect class. *See Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998) (identifying suspect or quasi-suspect classes to include "race, religion, gender, alienage, [and] national origin"); *Thompson v. Carlsen*, No. 08-CV-0965, 2010 WL 3584409, at *12 (N.D.N.Y. Aug. 16, 2010) ("'[F]elons do not constitute a suspect class' for the purposes of the Equal Protection Clause." (quoting *Dallara v. Sinnott*, No. 98-CV-3472, 2006 WL 1582159, at *2 (E.D.N.Y. June 5, 2006)), *report and recommendation adopted by* 2010 WL 3584396 (N.D.N.Y. Sept. 7, 2010). Thus, the amended complaint fails to allege facts which plausibly suggest that denying plaintiff an early release from prison was a form of purposeful discrimination aimed at a suspect or quasi-suspect class.

Furthermore, insofar as Hill intended to assert an equal protection claim under a "class of one" theory, the amended complaint lacks any allegations which plausibly suggest that plaintiff was intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. Indeed, the amended complaint fails to provide any details regarding the inmates who were allegedly released from prison for "Covid-19 related

reasons[,]" let alone explain how plaintiff was similarly situated to these inmates. Accordingly, plaintiff's Fourteenth Amendment equal protection claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**D. <u>Nature of the Dismissal</u>**

In light of the foregoing, Hill's amended complaint is subject to dismissal in its entirety. Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

However, as noted, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 Fed. App'x 388 (2d Cir. 2009); *accord, Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. Mar. 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. Mar. 9, 2009) (adopting Report-Recommendation by Lowe, M.J.).[2]

---

[2] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend was not an abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary

Upon review, the defects in Hill's Section 1983 claims are substantive rather than merely formal, such that any further amendment would be futile. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. This action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

2. The Clerk is directed to terminate the defendants and close this case; and

3. The Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: September 22, 2020
Utica, New York.

United States District Judge

---

circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 Fed. App'x 90 (2d Cir. 2003); *Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, notwithstanding Plaintiff's pro se status, leave to amend yet again is denied.").